IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OJORE MULUMBA AJAMU, VII, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv277 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DOUGLAS COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 18, the defendant's Motion to Dismiss the plaintiff's complaint; (2) filing no. 21, the plaintiff's Objection to the motion to dismiss; (3) filing no. 23, the plaintiff's Motion for Copies; (4) filing no. 24, the plaintiff's Motion to prohibit opening of legal mail and request for presentence investigation report; and (4) filing no. 27, the plaintiff's Motion for help regarding mail and to dismiss defendant-Robert Houston from this litigation.  The plaintiff, Ojore Mulumba Ajamu, VII, presently a State prisoner, brings this action concerning events while he was a pretrial detainee in the custody of the Douglas County Correctional Center ("DCCC").

In his complaint, the plaintiff protests a policy or custom at DCCC of allowing or condoning excessive force, exemplified by events on April 28, 2005.  The plaintiff alleges that, on that date, corrections officers Dutcher, McCoullan and Denker of DCCC, who were irritated that the plaintiff had been kicking his cell door, entered the plaintiff's cell and beat the plaintiff severely.  Thus, the plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that he suffered cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.  Liberally construed, the complaint

charges Douglas County with a failure to supervise or train its employees so as to avoid unconstitutional uses of force against inmates.[1]

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'" (Citations omitted.) Thus, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). In light of that strict standard, the plaintiff's complaint will not be dismissed for failure to state a claim on which relief may be granted. Therefore, filing no. 20, the defendants' Motion to Dismiss, is denied, and filing no. 21, the plaintiff's Objection to dismissal is sustained..

Filing no. 23, the plaintiff's Motion for Copies, is granted. As the plaintiff is proceeding in forma pauperis, the Clerk of Court shall provide the plaintiff with a copy of the following documents free of cost: the complaint (filing no. 1) and Supplements to the complaint (filing nos. 7, 11, 12, 16 and 26).

---

[1]The court notes that the plaintiff has not sued the officers themselves in their individual capacity for their own acts in injuring the plaintiff.

2

Insofar as filing nos. 24 and 27 relate to the opening of the plaintiff's mail, any problems the plaintiff experienced at DCCC with his mail are moot now that the plaintiff has transferred from DCCC to a State prison. In addition, the defendants in this action are all staff at DCCC, with the exception of Robert Houston, and the plaintiff moves in filing no. 27 to dismiss Robert Houston, the only defendant who is a State employee. Therefore, any problems the plaintiff may presently experience with his mail in State custody cannot be the subject of this litigation, which exclusively concerns events at DCCC.

Filing no. 27 is granted insofar as the plaintiff moves to dismiss Robert Houston as a defendant. Mr. Houston is dismissed, without prejudice, from this litigation.

The court has no ability to order the production of the plaintiff's presentence report, as requested in filing no. 24. The plaintiff may wish to contact the attorney who represented him in the proceeding in which the presentence report was prepared.

THEREFORE, IT IS ORDERED:

1. That filing no. 18, the defendant's Motion to Dismiss, is denied, and filing no. 21, the plaintiff's Objection to dismissal, is sustained;

2. That filing no. 23, the plaintiff's Motion for Copies, is granted, and the Clerk of Court shall provide the plaintiff, without cost, with copies of the complaint (filing no. 1) and Supplements to the complaint (filing nos. 7, 11, 12, 16 and 26);

3. That filing no. 24, the plaintiff's Motion to prohibit opening of legal mail and request for presentence investigation report, is denied; and

4. That filing no. 27, the plaintiff's Motion for help regarding mail and to dismiss defendant-Robert Houston from this litigation is granted in part and denied in part as follows:

    a.    Robert Houston is dismissed, without prejudice, from this litigation; and

    b.    Any problems the plaintiff may presently experience with his mail in State custody cannot be the subject of this litigation, which exclusively concerns events at DCCC.

DATED this 15th day of November, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge